IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA L. BROOKS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-1926-SMY |
| | ) |
| CENTERSTONE and KIM FLECK, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court for consideration of Plaintiff Angela L. Brooks' Motion for Leave to Proceed *in forma pauperis* (Doc. 2), Motion for Recruitment of Counsel (Doc. 3), and Motion for Service of Process at the Government's Expense (Doc. 4).

Under 28 U.S.C. § 1915, an indigent party may commence an action without paying required costs and fees upon submission of an affidavit demonstrating the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from Brooks' affidavit that she is indigent and cannot pay the $400.00 filing fee at this time. Although Brooks is currently employed, her monthly expenses exceed her monthly gross. Under these circumstances, the $400.00 filing fee presents a significant hardship.

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to

dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In reviewing the complaint, courts construe *pro se* claims generously and accept the factual allegations as true, liberally construing them in the plaintiff's favor. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). However, conclusory statements and labels are not enough; the complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). In other words, the complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In the Complaint, Brooks alleges she was discriminated and retaliated against by Defendants Centerstone and Kim Fleck based on her age, race, disability. Specifically, Brooks alleges that she is a 60-year-old woman who faced a toxic and hostile work environment at the high school. She asserts that she experienced racial microaggressions from her white co-workers and supervisors. Regarding her age, Brooks alleges that she was treated as less adaptable, less trainable, less able to learn, less healthy, and less motivated. She further alleges that Centerstone failed to provide necessary accommodations for her disability following knew replacement surgery. Brooks has mobility issues. She alleges that she was not provided an office space with enclosure, a desk, or a chair to perform her job effectively after returning from surgery. She alleges that despite her clear communication of her needs, Defendant failed to ensure a safe and accessible workplace which hindered her ability to carry out her responsibilities. Brooks complained about her treatment which led to her termination.

To state a claim for employment discrimination under both Title VII and the ADEA, a plaintiff "need only aver that the employer instituted a (specified) adverse employment action

against the plaintiff on the basis of" a protected characteristic. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Under Title VII, those protected characteristics include race and gender, 42 U.S.C.A. § 2000e-2, while the ADEA protects against discrimination against those over the age of 40. 29 U.S.C. § 623(a)(1).

To state a discrimination claim under the ADA, a plaintiff "must allege that [she] is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation and has suffered an adverse employment action because of [her] disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015).

To state a claim for retaliation under either statute, a plaintiff must allege that (1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there is a causal link between the protected expression and the adverse action. *O'Donnell v. Caine Weiner Co., LLC*, 935 F.3d 549, 553 (7th Cir. 2019).

Here, Brooks alleges that she was discriminated against because she is Black, over 60, and disabled and that she suffered an adverse employment action after complaining about her treatment. Liberally construing the Complaint in her favor, the Court finds that Brooks has sufficiently alleged her claims of retaliation and discrimination based on race, age, and disability against Centerstone. However, her claims may only be brought against an "employer" – a term that does not include supervisors or co-workers in their individual capacities. *See Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012) (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)). Therefore, Brooks' claims against Defendant Kim Fleck will be dismissed.

### Appointment of Counsel

Brooks requests appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on her own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Brooks has not met her threshold burden of demonstrating that she attempted to recruit counsel prior to seeking the Court's assistance. Accordingly, the Motion for Recruitment of Counsel is **DENIED**.

### Conclusion

For the foregoing reasons, Plaintiff Brooks has adequately stated claims for retaliation and discrimination against Defendant Centerstone. Her claims against Defendant Kim Fleck are **DISMISSED with prejudice**.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2); Motion for Service of Process at the Government's Expense (Doc. 4) are **GRANTED**; and Motion for Recruitment of Counsel (Doc. 3) is **DENIED.**

The Court **DIRECTS** the Clerk of Court to send Plaintiff a sufficient number of blank summons forms and USM-285 forms along with this order. If Plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** Plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from Plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the Defendant in any manner consistent with Federal Rule of Civil Procedure 4, as directed Plaintiff. Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED: October 4, 2024**

**STACI M. YANDLE**
**United States District Judge**